**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 94-60857
Summary Calendar
_____

FORTINO CHAVEZ,

Plaintiff-Appellant,

VERSUS

JOHN W. SHANNON, Acting Secretary
Department of the Army,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-93-CV-257)
_____

February 21, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Chavez filed this action against the Secretary of the Army, alleging age and disability discrimination for declining to hire him for a position at the Corpus Christi Army Depot. Following the trial, the district court entered findings of facts and conclusions of law and found against plaintiff on all counts. Based on these findings of fact, the district court concluded that the plaintiff had failed to demonstrate a prima facie case of age discrimination. The court also concluded that plaintiff did not qualify as a

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

disabled person under the Rehabilitation Act, 29 U.S.C. § 794(a). Alternatively, the court found that the plaintiff had suffered no injury because he had accepted a backpay award for another position plaintiff applied for at the same army depot around that same time.

On appeal, appellant attacks the district court's factual findings on all fronts. Unfortunately, however, he has not provided a transcript so that we can evaluate the trial court's findings against the record evidence. "It was the plaintiff's responsibility to provide a transcript of the hearing if their contentions on appeal related to findings or conclusions made on the basis of that transcript." Powell v. Estelle, 959 F.2d 22 (5th Cir. 1992). Because of the absence of the transcript, we are unable to consider the plaintiff's arguments on appeal. Richardson v. Henry, 902 F.2d 414 (5th Cir. 1990); Coats v. Pierre, 890 F.2d 728, 731 (5th Cir. 1989); Thomsas v. Computax Corp., 631 F.2d 139 (9th Cir. 1980); McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir. 1992); Southwest Administrators, Inc. v. Lopez, 781 F.2d 1378 (9th Cir. 1986); Muniz Ramirez v. Puerto Rico Fire Services, 757 F.2d 1357, 1358 (1st Cir. 1985); United States v. Dallas County Commission, 739 F.2d 1529, 1539 (11th Cir. 1984); and Brattrud v. Town of Exline, 628 F.2d 1098 (8th Cir. 1980).

We therefore dismiss the appeal.

DISMISSED.